**James M. COX, Petitioner,**

v.

**SHANNON–POCAHONTAS MINING COMPANY; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 92–1074.

United States Court of Appeals,
Fourth Circuit.

Argued June 4, 1992.

Decided Sept. 29, 1993.

John Paggett Anderson, Princeton, WV, argued, for petitioner.

William T. Brotherton, III, Spilman, Thomas, Battle & Klostermeyer, Charleston, WV, argued, for respondents.

Before ERVIN, Chief Judge, and WIDENER and HAMILTON, Circuit Judges.

## OPINION

WIDENER, Circuit Judge:

This case arises under the Black Lung Benefits Act, 30 U.S.C. §§ 901 et seq. The appellant, James Cox, worked in the nation's underground coal mines a total of 28 years, ending in June 1979. His last employment was with Shannon–Pocahontas Coal Company, where he worked for many years as a continuous miner operator. This is a strenuous job, which required Cox to lift heavy cable and timbers, shovel coal by hand, lift and spread bags of rock dust, and use a 20 pound slate bar to dislodge loose rock from the ceiling of the tunnel. The problem in the case arises because, in addition to black lung, Cox has diabetes mellitus, diagnosed in the early 1970s, and a heart condition,* for which Cox had triple bypass surgery in March 1988. In addition, Cox began smoking cigarettes as a teenager, but quit in the early 1970s.

Cox applied for black lung benefits on February 1, 1979. The Department of Labor awarded benefits and Shannon–Pocahontas requested a hearing before an ALJ. The ALJ denied benefits, finding that Cox had established the interim presumption under 20 C.F.R. § 727.203(a), but that Shannon–Pocahontas had rebutted the presumption under § 727.203(b)(3). The Benefits Review Board affirmed, and Cox has appealed to this court. We now vacate the Board's decision and remand for further remand to an ALJ for further consideration.

 The standards of review in a Black Lung case are governed by statute and regu-

---

\* The diagnosis prior to his heart surgery was of "[s]evere triple vessel coronary artery disease with unstable angina."

lation, specifically 33 U.S.C. § 921(b)(3), which is incorporated by reference into the Black Lung Act by 30 U.S.C. § 932, and repeated in the regulations at 20 C.F.R. § 802.301. *See Zbosnik v. Badger Coal Co.,* 759 F.2d 1187, 1189 (4th Cir.1985). The Board is bound by an ALJ's findings of fact if they are supported by substantial evidence in the record considered as a whole. *Wilson v. Benefits Review Board,* 748 F.2d 198, 199–200 (4th Cir.1984). "Substantial evidence" has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). We review the Board's decision to determine whether the Board committed an error of law and whether the Board adhered to its scope of review. *Kowalchick v. Director, OWCP,* 893 F.2d 615, 619 (3d Cir.1990). Accordingly, we are charged to make an "independent[ ] review [of] the record and [to] decide whether the ALJ's findings are supported by substantial evidence", *Kertesz v. Crescent Hills Coal Co.,* 788 F.2d 158, 163 (3d Cir.1986) (internal quotations omitted). *Accord Zbosnik, supra* at 1189–90.

■ The ALJ correctly found that Cox had established the interim presumption of total disability due to pneumoconiosis under 727.203(a)(1) by showing more than 10 years employment in the nation's coal mines and the existence of pneumoconiosis based on the X-rays of record, all of which were positive for pneumoconiosis. The ALJ then found that Shannon–Pocahontas had rebutted the presumption under 20 C.F.R. § 727.203(b)(3). The ALJ stated:

> Weighing all the relevant evidence of record, I conclude for the reasons and analysis stated above that Claimant was not at time of filing and is not now in whole or in part totally disabled by pneumoconiosis as described under the Act. From a pulmonary standpoint Claimant could do his usual coal mine employment. If Claimant is totally disabled from coal mine employment it is due entirely to his heart condition which causes pain on exertion.

The ALJ based this conclusion entirely on three items of evidence, pulmonary function tests, blood gas tests and Dr. Crisalli's report. The remaining evidence either was dismissed as flawed in some respect, or found to be not inconsistent with, although not probative of, this conclusion.

On the basis of both the pulmonary function tests and the blood-gas studies, the ALJ concluded that "the objective medical testing, while clearly demonstrating pneumoconiosis, does not of itself indicate significant pulmonary impairment." This analysis is not subject to significant criticism, except we do not read the word "significant" as determinative.

As the third basis for his conclusion, the ALJ relied on a report by Dr. Crisalli, which concluded in relevant part:

> In summary, this patient does have coal worker's pneumoconiosis.... [I]t is reasonable to conclude that Mr. Cox has at worst a 10% pulmonary function impairment and that he is not totally disabled from performing his usual coal mine work from the standpoint of his pulmonary functional or pulmonary clinical status. This conclusion is based on all of the data noted above including the patient's own description of his job. Though Mr. Cox may well be disabled from the standpoint of his cardiac disease, neither the cardiac disease nor his diabetes mellitus are in any way related to, have been substantially aggravated by, or have been contributed to by his coal dust exposure or coal worker's pneumoconiosis.

In *Bethlehem Mines Corp. v. Massey,* 736 F.2d 120, 123 (4th Cir.1984), we held that, in order to establish (b)(3) rebuttal, "the employer must *rule out* the causal relationship between the miner's total disability and his coal mine employment." *Id.* at 123 (emphasis in original). Dr. Crisalli's statement that Cox's coal mine employment did not contribute to his *cardiac disease or his diabetes* does not rule out a causal relationship between Cox's *disability* and his coal mine employment. Nor was it sufficient, under *Massey,* for Dr. Crissalli to state that Cox was not totally disabled due to his pulmonary impairment alone, which is a fair reading of Dr. Crisalli's statement that Cox was "not totally disabled ... from the standpoint of his pulmonary functional or pulmonary clini-

cal status." In *Massey,* we squarely rejected such an interpretation of (b)(3), which, if accepted, would have allowed an employer to avoid liability when it could show that "the pneumoconiosis from which the miner suffers, be it true or presumed, is not *in and of itself* totally disabling." *Massey* at 122 (emphasis in original). The ALJ's finding that (b)(3) rebuttal had been established based on Crisalli's statements, therefore, was not based on substantial evidence.

Accordingly, we remand to the Board, for further remand to an ALJ, to determine whether the evidence establishes rebuttal of the interim presumption under 20 C.F.R. § 727.203(b)(3) applying the correct standard as stated above.

On remand, either party may introduce additional evidence on the issue should he be so advised.

*VACATED AND REMANDED.*