16 F.3d 409
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Hester DICKSON, Widow of Edgar Dickson, Jr., Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Bethenergy Mines,
Incorporated, Respondents.
 No. 93-1322.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 7, 1993.
Decided Feb. 10, 1994.
 
 On petition for review of an Order of the Benefits Review Board. (91-2194-BLA, 91-2194-BLA-A)
 George Daniel Blizzard, II, Shaffer & Shaffer, Madison, W VA, for petitioner.
 
 
 1
 Douglas A. Smoot, Jackson & Kelly, Charleston, W VA, for respondents. On brief Ann B. Rembrandt, Jackson & Kelly, Charleston, W VA, for respondent BethEnergy Mines.
 
 
 2
 Ben.Rev.Bd.
 
 
 3
 AFFIRMED.
 
 
 4
 Before HAMILTON, Circuit Judge, SPROUSE, Senior Circuit Judge, and NORTON, U.S. District Judge for the District of South Carolina, sitting by designation.
 
 OPINION
 PER CURIAM:
 
 5
 Hester Dickson appeals the decision of the Benefits Review Board affirming the ruling of an Administrative Law Judge (ALJ) that the death of her husband, Edgar Dickson, was not caused by coal mine pneumoconiosis and denying her black lung widow's benefits. 30 U.S.C. Sec. 921(c)(5).
 
 
 6
 The deceased, Edgar Dickson, was employed for thirty years in the coal mines until September 3, 1976. Prior to his death, he had filed for black lung disability benefits, 30 U.S.C. Sec. 921(a), and after his death, Mrs. Dickson filed for widow's survivor benefits. In considering Mrs. Dickson's application, the ALJ ruled that her husband had not suffered from coal mine pneumoconiosis and that his death had not resulted from pneumoconiosis. The Benefits Review Board affirmed the ALJ on the basis of its finding that Dickson's death was not caused by the coal mine disease. Mrs. Dickson, the widow, appeals. We affirm.
 
 
 7
 The ALJ ruled that the interim presumption was invoked under 20 C.F.R. Sec. 727.203(a)(2) (1993) but was rebutted under 20 C.F.R. Sec. 727.203(b)(3) and (4). The Benefits Review Board's holding, however, was grounded solely on (b)(3). We affirm its decision and do not consider the ALJ's alternate (b)(4) holding.
 
 
 8
 We, of course, must affirm the Board's decision if the ALJ's holding is supported by substantial evidence. Wilson v. Benefits Review Bd., 748 F.2d 198, 199-200 (4th Cir.1984). Substantial evidence is that which a reasonable mind accepts as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). See also Cox v. Shannon-Pocahontas Mining Co., 6 F.3d 190, 192 (4th Cir.1993).
 
 
 9
 The medical evidence on the causation issue is voluminous. At least twenty physicians, practicing various medical specialties, testified or submitted reports concerning the issues of whether the decedent was afflicted with coal miner's pneumoconiosis and, if so, if that disease contributed to his death.
 
 
 10
 Some of the doctors examined Dickson during his lifetime. Dr. George Zaldivar, examining him at the request of the Department of Labor, found minimal evidence of coal workers' pneumoconiosis and opined that the miner's respiratory problems were due to cigarette smoking, specifically ruling out any causal relationships between his chronic bronchitis and coal dust inhalation. Drs. Ralph Jones and Johnsy Leef likewise found no definite evidence of pneumoconiosis. Drs. Jones and W.G. Hayes examined Dickson in connection with a West Virginia workers' compensation claim and found no evidence of occupational pneumoconiosis. The West Virginia Occupational Pneumoconiosis Board, however, found a twenty percent impairment due to pneumoconiosis. Dr. Dominic Gaziano found evidence of minimal pneumoconiosis but only a mild degree of pulmonary functional impairment. Dr. Pathom Thavaradhara diagnosed a pulmonary disease due to coal mine employment based on the miner's history and x-rays. Dr. Robert Crisalli diagnosed chronic bronchitis and emphysema but found no evidence of coal workers' pneumoconiosis. He attributed the miner's condition to smoking cigarettes over a prolonged period of time. Dr. Donald Rasmussen reported a moderate to moderately severe loss of respiratory function and also reported that the miner was totally disabled. He attributed the disability both to a prolonged smoking history and Dickson's coal dust exposure, opining that he might also have suffered chronic bronchitis or asthma.
 
 
 11
 A number of physicians submitted reports concerning their findings after Dickson's death. Dr. Glen Wright, completing the death certificate, listed the cause of death as cardiopulmonary arrest. Dr. HoHaung Chang, after performing the autopsy, reported evidence of coal workers' pneumoconiosis, emphysema, and bronchopneumonia. He was of the opinion that the conditions were caused both by the miner's smoking history and coal dust exposure. Dr. Echols Hansbarger, after reviewing the autopsy slides and record medical evidence, reported his view that Dickson died of coronary heart disease, chronic pulmonary disease, and acute pneumonia. He was of the opinion that coal workers' pneumoconiosis did not contribute to his death. Dr. P. Raphael Caffrey, after reviewing the autopsy slides and record medical evidence, found no evidence of coal workers' pneumoconiosis and stated that even if pneumoconiosis was minimally present, it could not have contributed to Dickson's death. He stated that he was certain Dickson's history of smoking caused his respiratory problems and eventually resulted in his death. Dr. Richard Naeye, after reviewing the autopsy slides and record medical evidence, found mild to moderately severe pneumoconiosis but indicated that the pneumoconiosis was too mild to have disabled Dickson prior to his death. He concluded that Dickson's disability and subsequent death were due to cigarette smoking. Likewise, Dr. Jerome Kleinerman, after reviewing the slides and record evidence, found minimal pneumoconiosis with a moderate amount of emphysema. He, too, was of the opinion that pneumoconiosis did not contribute to Dickson's death which was caused by bronchopneumonia and emphysema brought on by excessive cigarette smoking. Dr. Gregory Fino attributed Dickson's death to emphysema, chronic bronchitis, and pneumonia, and opined that there was no causal relationship between the minimal presence of coal workers' pneumoconiosis and the miner's death. He was of the view that coal workers' pneumoconiosis was insufficient to have played a role in the death. Dr. Jamil Ahmed was of the opinion that pneumoconiosis was a significant factor contributing to the miner's death.
 
 
 12
 One can sympathize with the claimant's position because in this maze of medical evidence, there is much that would support a putative finding in her favor by an ALJ. Unfortunately for her, however, the ALJ found that her husband's condition and death were not caused by coal workers' pneumoconiosis. As a reviewing court, we cannot weigh the evidence but must defer to the ALJ's resolution of factual issues if there is substantial evidence to support his factual determination. Here, there is considerable evidence on both sides of the equation, but certainly, substantial evidence supports the ALJ's finding that Mr. Dickson died of causes other than coal miners' pneumoconiosis. In view of this, the judgment of the Benefits Review Board is affirmed.
 
 AFFIRMED