UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILBERT MAYNOR,

Petitioner,

v.

ITMANN COAL COMPANY; DIRECTOR,

No. 95-3084

OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,

Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(94-2356-BLA)

Submitted: October 29, 1996

Decided: January 29, 1997

Before WIDENER, HALL, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

S. F. Raymond Smith, RUNDLE & RUNDLE, L.C., Pineville, West
Virginia, for Petitioner. Douglas A. Smoot, JACKSON & KELLY,
Charleston, West Virginia; J. Davitt McAteer, Acting Solicitor of
Labor, Douglas S. Shire, Associate Solicitor, Christian P. Barber,
UNITED STATES DEPARTMENT OF LABOR, Washington, D.C.,
for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Wilbert Maynor, a former coal miner, appeals the decision of the Benefits Review Board ("Board") affirming the administrative law judge's ("ALJ") Decision and Order on Remand denying black lung benefits. Maynor filed his claim for black lung benefits in 1980. An ALJ initially awarded benefits, determining that Maynor established invocation of the interim presumption of entitlement and that rebuttal was not established. On appeal, the Board remanded the claim to the ALJ to reconsider invocation and rebuttal evidence. On remand, the ALJ found that invocation was not established under 20 C.F.R. §§ 727.203(a)(1), (a)(3), or (a)(4) (1994), but that Maynor established invocation under § 727.203(a)(2). The ALJ further found that the Employer established rebuttal under §§ 727.203(b)(3) and (b)(4) by demonstrating that the claimant's impairment did not arise in whole or in part out of his coal mine employment, and that he does not have pneumoconiosis as defined by § 727.202. Accordingly, benefits were denied.

Maynor appealed and the Board upheld the ALJ's decision. The Board held that the ALJ's findings of fact and law were supported by substantial evidence, rational, and consistent with applicable law. The Board specifically found that the ALJ properly credited the Employer's physicians' opinions because they were based upon x-ray evidence as well as other medical data and that one of the doctor's opinions was not contrary to the spirit of the Act because he did not rule out that pneumoconiosis can be totally disabling. The Board also held that it was not error for the ALJ to rely upon doctors' opinions which were based upon the assumption that the claimant had no pulmonary impairment even though the ALJ also found that the pulmonary function studies on record were sufficient to establish invocation of the interim presumption. Finally, the Board declined to address whether rebuttal was established under § 727.203(b)(3) because a

2

finding of rebuttal under (b)(4) precludes an award of benefits under § 727.

Maynor appeals the ALJ's decision to deny benefits, claiming that it was error for the ALJ to determine that the Employer rebutted the presumption under § 727.203(b)(4) by basing the conclusion that he did not have pneumoconiosis primarily on negative x-rays. Maynor also alleges that it was error to find that the Employer established rebuttal under § 727.203(b)(3). Finally, Maynor alleges that it was error to find the Employer's physicians' opinions well reasoned because the opinion of one of the doctors is contrary to the Act and regulations. We affirm the Board's decision to deny black lung benefits.

This court reviews the ALJ's application of the law de novo and must affirm the factual findings of the Board unless they are not supported by substantial evidence or are contrary to law. Thorn v. Itmann Coal Co., 3 F.3d 713, 718 (4th Cir. 1993) (citing Wilson v. Benefits Review Bd., 748 F.2d 198, 199 (4th Cir. 1984)). Substantial evidence is that which a "`reasonable mind might accept as adequate to support a conclusion.'" Cox v. Shannon-Pocahontas Mining Co., 6 F.3d 190, 192 (4th Cir. 1993) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

The only issue in this appeal is whether substantial evidence supports the ALJ's finding of rebuttal pursuant to § 727.203(b)(4). To establish rebuttal under subsection (b)(4), the Employer had to prove that the miner did not have pneumoconiosis, in either the clinical or legal sense. See 20 C.F.R. § 727.202 (1994); Barber v. Director, Office of Workers' Compensation Programs, 43 F.3d 899, 900 (4th Cir. 1995); Chastain v. Freeman United Coal Mining Co., 919 F.2d 485, 488 (7th Cir. 1990).

In this case, the medical evidence relevant to the history of pneumoconiosis consisted of multiple x-ray readings, pulmonary function and blood gas studies, and opinions provided by examining and reviewing physicians. The ALJ made a thorough evaluation of the evidence, and we conclude that the Board's decision is supported by substantial evidence and is in accordance with the law.

3

Accordingly, we affirm the Board's decision denying benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4