**NON-PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1392
_____

UNITED STATES OF AMERICA

v.

KEITHLEY PARRIS,
                Appellant
_____

On Appeal from the District Court
for the Virgin Islands, Division of St. Croix
(D.C. No. 1-18-cr-00010-003)
District Judge: Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on May 22, 2023

Before: RESTREPO, McKEE, and SMITH, *Circuit Judges*

(Filed: December 19, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Appellant Keithley Parris appeals the final judgment, conviction, and sentence. His appointed counsel, with the government's support, has filed a motion to withdraw as counsel and an *Anders* brief advising that there are no non-frivolous grounds for appeal.[1] *See Anders v. California*, 386 U.S. 738 (1967). A jury convicted Parris of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced to a mandatory minimum term of sixty months' imprisonment and a four-year term of supervised release pursuant to 21 U.S.C. § 841(b)(1)(B)(ii). For the reasons that follow, we will dismiss the appeal and grant counsel's motion to withdraw.

## I.[2]

Parris orchestrated and participated in a conspiracy to smuggle cocaine into Miami through a St. Croix airport. He recruited Don-Luke George, an airport employee, and Zion Hazel to act as mules. The day before the flight to Miami, Parris gave George two kilograms of cocaine packaged in four bricks. The following day, George passed the drugs to Hazel in an airport bathroom. Parris monitored the unfolding operation by texting with George and Hazel. George texted Parris when the handoff to Hazel was completed. Parris

---

[1] Although Parris was permitted under Third Circuit Local Appellate Rule ("L.A.R.") 109.2(a) to file a *pro se* brief in response to counsel's *Anders* brief, he did not do so in this case.

[2] As we write for the benefit of the parties, who are familiar with the background of this case, we set out only the facts and procedural history necessary for the discussion that follows.

texted Hazel several times with messages, including "[t]hings set," "[u] have ur passport," and "[u] done pass through TSA." JA 251. Although the cellphone attributed to Parris was not registered in his name, his number was saved in George's phone under his first name, "Keithley." JA 242–43. Hazel was stopped by Customs and Border Protections Officers before boarding the plane to Miami.

At the sentencing hearing on February 23, 2022, the District Court concluded that the guideline range for Parris's offenses was seventy-eight to ninety-seven months' imprisonment. The District Court rejected the government's request to increase the offense level pursuant to U.S.S.G. § 2D1.2(b)(16)(A), finding that the record did not sufficiently establish that Parris used fear to recruit George to participate in the conspiracy. After considering Parris's criminal history, the circumstances of his custody, and the nature of the offense, the District Court granted a variance of eighteen months and imposed the mandatory minimum sentence of five years of incarceration and four years of supervised release. *See* 21 U.S.C. § 841(b)(1)(B)(ii).[3]

---

[3] The District Court rejected the government's request to increase the offense level pursuant to U.S.S.G. § 2D1.2, subsection (16), finding that the record did not sufficiently establish that Parris used fear to recruit George to participate in the conspiracy.

## A. Motion to Withdraw

When, as here, defense counsel believes that a criminal appeal is "wholly frivolous, after a conscientious examination" of the defendant's case, "he should so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744; *United States v. Youla*, 241 F.3d 296, 299 (3d Cir. 2001). Along with such a request, defense counsel should submit "a brief referring to anything in the record that might arguably support the appeal." *Youla*, 241 F.3d at 299 (quoting *Anders*, 386 U.S. at 744). The brief must demonstrate that "counsel has thoroughly examined the record in search of appealable issues" and must "explain why [those] issues are frivolous." *Id.* Accordingly, our review is twofold: we ask first whether counsel adequately fulfilled the requirements of *Anders*, and second, "whether an independent review of the record presents any nonfrivolous issues." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)).[5]

Here, defense counsel does not address the legality of the sentence imposed—an issue the notice of appeal he filed specifically raises—and thus the motion to withdraw does not satisfy the *Anders* requirements. Even so, we may still grant counsel's request to

---

[4] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and 48 U.S.C. § 1612(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review in determining whether there are any non-frivolous issues for appeal. *Simon v. Virgin Islands*, 679 F.3d 109, 114 (3d Cir. 2012).

[5] Third Circuit L.A.R. 109.2(a) provides in relevant part that: "[w]here, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which must be served upon the appellant and the United States."

withdraw and dismiss the appeal if the issues that could have been raised are frivolous. *See United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009); *Marvin*, 211 F.3d at 781. Our independent review of the record and Parris's sentence has not revealed any non-frivolous basis upon which Parris can appeal. Because we conclude that there are no grounds for setting aside Parris's conviction or sentence, we will grant counsel's motion to withdraw.

## B. Sufficiency of the Evidence

We will begin by examining the single issue addressed in counsel's *Anders* brief. We agree with counsel that any argument concerning the sufficiency of the evidence lacks merit. In reviewing a challenge to the sufficiency of evidence supporting a jury verdict, "[w]e apply a 'particularly deferential' standard of review." *United States v. Peppers*, 302 F.3d 120, 125 (3d Cir. 2002) (quoting *United States v. Cothran*, 286 F.3d 173, 175 (3d Cir. 2002)). We review the evidence in the light most favorable to the government and "will affirm the verdict if 'any rational juror could have found the challenged elements beyond a reasonable doubt.'" *United States v. Gonzalez*, 905 F.3d 165, 179 (3d Cir. 2018) (quoting *Peppers*, 302 F.3d at 125) (internal quotation marks omitted).

Here, the evidence at trial was sufficient to convict Parris of the charged offenses. George, a cooperating co-defendant, testified that Parris recruited him to hand the cocaine to Hazel at the St. Croix airport so that Hazel could transport the drugs to Miami. The government corroborated George's testimony by presenting video surveillance of George and Hazel entering the bathroom where the hand-off took place and text messages sent from Parris's phone as he supervised the operation. The jury's finding that George credibly testified to Parris's role as the conspiracy's instigator and coordinator cannot be second-

5

guessed on appeal. *See Peppers*, 302 F.3d at 125 (noting that it is not this Court's role to "mak[e] an independent determination as to witnesses' credibility"). Because a rational jury could have found the elements of the crimes were established beyond a reasonable doubt based on the evidence presented at trial, we must sustain the verdict on appeal. *See United States v. Riddick*, 156 F.3d 505, 509 (3d Cir. 1998). Accordingly, the sufficiency of the evidence issue, as identified by defense counsel, is frivolous.

### C. Legality of Parris's Sentence

Counsel cited his intention to appeal Parris's sentence in the notice of appeal but did not identify the sentence as an issue in his *Anders* brief. To ensure that we have conducted "a full examination of all the proceedings" before deciding that there are no non-frivolous issues to raise on appeal, we will review the procedural and substantive reasonableness of Parris's sentence.[6] *Anders*, 386 U.S. at 744; *see also United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007). If the District Court's sentence is procedurally sound, there are grounds for appellate relief only if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the [D]istrict [C]ourt provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

When imposing a sentence, a district court must first correctly calculate the applicable Guidelines range, entertain any motions for downward departures, and then consider each of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Levinson*, 543

---

[6] After discovering that the sentencing notes were not part of the record, this Court ordered the parties to provide the transcript for the February 23, 2022 sentencing hearing. The transcript was docketed on July 24, 2023 and reviewed by this Court.

F.3d 190, 194-95 (3d Cir. 2008). The District Court correctly calculated the Guidelines range at seventy-eight to ninety-seven months imprisonment. After following the correct procedural steps, the District Court imposed the statutory minimum term of five years imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(ii). The District Court even sentenced below the applicable sentencing guideline range, noting that, because of the COVID-19 pandemic, prison conditions were significantly harsher than "what could have been conceived of when the guidelines were issued" and that Parris would "be better off if he serve[d] less time." Sentencing Tr., ECF No. 51, at 43:15 to 45:12. Viewing the record as a whole, we find the sentence substantively reasonable.

Because the sentence is both procedurally and substantively reasonable, any challenge on appeal would be frivolous.

### III.

After reviewing the record in its entirety, we will dismiss the appeal and grant counsel's motion to withdraw.