Miranda-De Torres v. Garland

BIA
McFarland, IJ
A215 713 648/649

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-four.

PRESENT:
RICHARD C. WESLEY,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

INGRID MARICELA MIRANDA-DE TORRES, MICHAEL JOEL TORRES-MIRANDA,
*Petitioners,*

v.                                                          22-6511
                                                            NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

**FOR PETITIONERS:**     Lorne Kelman, Esq., Valley Stream, NY.

**FOR RESPONDENT:**     Brian M. Boynton, Principal Deputy Assistant Attorney General; Erica B. Miles, Assistant Director; Duncan T. Fulton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Ingrid Maricela Miranda-De Torres and her minor son, Michael Joel Torres-Miranda, natives and citizens of El Salvador, seek review of a September 23, 2022 decision of the BIA affirming a July 25, 2019 decision of an Immigration Judge ("IJ"), which denied Miranda-De Torres's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Miranda-De Torres, et al.*, Nos. A 215 713 648/649 (B.I.A. Sept. 23, 2022), *aff'g* Nos. A 215 713 648/649 (Immig. Ct. N.Y. City July 25, 2019).  We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions.  *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).  We review factual findings

for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I. Asylum and Withholding of Removal

An applicant for asylum and withholding of removal must establish past persecution or a fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i); 8 C.F.R. §§ 1208.13(b), 1208.16(b). For either form of relief, the applicant must show that a protected ground was "at least one of the central reasons, rather than a minor reason, for why that individual is being targeted"; that is, the protected ground "cannot be a minor, incidental, or tangential reason for the harm." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022).

Whether Miranda-De Torres's political opinion was one central reason for the threats she received is a nexus determination that we review under a substantial evidence standard. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282–83 (2d Cir. 2006) (reviewing a nexus determination under substantial evidence

3

standard). We "review *de novo* the legal determination of whether a group constitutes a 'particular social group.'" *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). Here, substantial evidence supports the agency's determination that Miranda-De Torres did not establish past persecution or a well-founded fear of persecution on account of a political opinion, and the agency did not err in concluding that Miranda-De Torres's proposed social group was not cognizable.

Miranda-De Torres alleged that when she confronted her husband about an affair, he said he would leave his lover. Her husband's lover then called her on the phone and threatened to kill her if she did not leave her husband; the day after that threat, the lover's brother (who was in a gang) also called and threatened to kill her. She reported the threats to the police, but the lover's brother continued to call her, so a week after the initial threats she fled to her aunt's house, where she stayed for two months before leaving for the United States. She stopped receiving the threats while she was at her aunt's home. She also testified that other gang members had given cigarettes to her son (who, at the time, was less than three years old), and that she told them not to.

**A. <u>Particular Social Group</u>**

"To constitute a particular social group, a group must be: (1) composed of

members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Hernandez-Chacon v. Barr*, 948 F.3d 94, 101 (2d Cir. 2020) (quotation marks omitted). Miranda-De Torres proposed a social group of a "married woman who is being persecuted by her husband's paramour and family." Petitioner's Br. at 8.

The agency found that this group was not cognizable as it was defined only by the persecution alleged. While Miranda-De Torres's conclusory assertions are arguably not sufficient to challenge that ruling, *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming argument abandoned where "only a single conclusory sentence" was devoted to it), even assuming the issue is properly raised, we find no error in the agency's decision. Miranda-De Torres asserts that being a woman is immutable, but she did not allege that she was persecuted for being a woman; rather, she alleged protected status as a "married woman who is being persecuted by her husband's paramour and family," Petitioner's Br. at 8 — in other words, a subset of women, and a group that is defined by the alleged harm she suffered. This is not a sufficient basis to recognize a particular social group. *See Paloka*, 762 F.3d at 196 ("Persecutory conduct aimed at a social group cannot alone define the group, which must exist independently of the persecution."

5

(quotation marks omitted)).

### B. Political Opinion

"In order to establish persecution 'on account of' political opinion . . . an [] applicant must show that the persecution arises from his or her own political opinion." *Yueqing Zhang*, 426 F.3d at 545; *see also Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 196 (2d Cir. 2021) (noting that a political belief can be "imputed to [the applicant] by the persecutor"). "Thus it is not sufficient that the persecutor act from a generalized political motive"; rather, "[t]he applicant must also show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief." *Yueqing Zhang*, 426 F.3d at 545 (quotation marks omitted). "[T]o qualify as a 'political opinion,' an opinion must involve some support for or disagreement with the belief system, policies, or practices of a government and its instrumentalities; an entity that seeks to directly influence laws, regulations, or policy; an organization that aims to overthrow the government; or a group that plays some other similar role in society." *Zelaya-Moreno*, 989 F.3d at 199–200 (citations omitted).

The agency found that Miranda-De Torres's allegations did not support a conclusion that she had a political opinion or that one was imputed to her.

6

Miranda-De Torres argues that she was opposing "gang government . . . in her explicit rejection of gang threats to her relationship with her husband and gang members' overtures to her son." Petitioner's Br. at 11. Even assuming that Miranda-De Torres sufficiently exhausted this argument, the record does not reflect that anyone threatened her because of an actual or imputed political opinion. She does not identify anything she said or did that indicated a political opinion. Rather, the record shows that she was threatened because she did not leave her husband — an entirely personal matter unrelated to any political opinion. *See Yueqing Zhang*, 426 F.3d at 547–48 ("[O]pposition . . . may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime."); *see also Zelaya-Moreno*, 989 F.3d at 200 ("[A]ctions that challenge or seek to change policies or practices serve as stronger evidence of a political opinion when they are not wholly self-serving."). The incident with her son similarly does not support a conclusion that they were or will be targeted on account of her political opinion. There is little information about this incident. Miranda-De Torres testified that she did not know why the gang members gave her son cigarettes, and she did not allege that they did so on account of her political opinion. *See Yueqing Zhang*, 426 F.3d

at 545; *see also Zelaya-Moreno*, 989 F.3d at 199–200. And her application states that they did so to initiate her son as a member; that is, that they had criminal motives.

**II.    CAT Relief**

There is no nexus requirement for a CAT claim. An applicant "seeking CAT relief bears the burden of proving the likelihood of future torture by or with the acquiescence of government officials." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021).

The agency determined that Miranda-De Torres failed to establish either a likelihood of future torture or that such torture would be by or with the acquiescence of the government. Miranda-De Torres has abandoned her CAT claim by not addressing it in her brief. *See Yueqing Zhang*, 426 F.3d at 545 n.7.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court